# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| T.H., <br><br>    Plaintiff <br><br> vs. <br><br> LINCOLN BANCORP, LLC, <br><br>    Defendants | CIVIL ACTION FILE NO. <br><br> 1:25-cv-04310-AT |

## PROTECTIVE ORDER

Plaintiff T.H. and Defendant Lincoln Bancorp LLC (Plaintiff and Defendant individually, a "Party" and collectively, "the Parties") have jointly petitioned this Court for the entry of this Protective Order ("this Order") to expedite the production of discovery materials, facilitate prompt resolution of disputes over the confidentiality of discovery materials, and protect against disclosure of confidential and proprietary information.

**IT IS HEREBY ORDERED** that the following rules and procedures shall govern the disclosure of information by the Parties and by non-parties in the course of discovery as well as the disclosure of information at hearings and other disclosures prior to trial.

1

1.      This Order affords limited protection to certain materials believed by a Party or non-party to be confidential. Neither this Order nor any confidentiality designation made pursuant to this Order constitutes a ruling by this Court that any specific information is, in fact, confidential. Instead, all rulings as to whether any material is, in fact, confidential are reserved and will be ruled upon pursuant to notice and hearing. This Order does, however, provide a framework for the Parties and nonparties to expedite discovery while at the same time claiming that certain material is confidential, and this Order allows the Parties and non-parties the ability to preserve their right to seek further protection of allegedly confidential material until a later date when each party has all the information necessary to prepare appropriate arguments.

2.      Any Party or non-party seeking protection of this Order (the "Designating Party") may designate as "CONFIDENTIAL" portions of information (including documents, depositions, hearing transcripts, affidavits, etc.) which contain:

    a) trade secrets;

    b) unpublished financial data, research, technological or business developments;

    c) confidential business information and other similar commercially sensitive;

d) and proprietary information of a nonpublic nature which is not known to the competitors of the Designating Party and the release of which would cause harm to the Designating Party;

e) personal financial information;

f) personal identifying information such as social security numbers, driver's license numbers, dates of birth, and tax identification numbers; and

g) individually identifiable health information as defined by the Health Insurance Portability and Accountability Act of 1996.

(hereinafter referred to as "the above criteria").

3. To designate information as confidential for protection under this Order, the Designating Party shall do as follows:

a) <u>Documents and Electronic Files:</u> Stamp the word "CONFIDENTIAL" on each page of the document that contains confidential information unless the document is produced in a native format such as an excel spreadsheet in which case the Designating Party shall add the word "CONFIDENTIAL" to the end of the file name and alert the receiving parties that certain native confidential documents are being produced.

b) <u>Interrogatory Responses:</u> Stamp the word "CONFIDENTIAL" on the page where the confidential responses appear and indicate on the cover

page of the responses that confidential information is contained in the responses.

c) <u>Transcripts:</u> For deposition testimony or other transcripts, counsel for the deponent, or for a Party, may make a statement on the record at the deposition designating a particular question, answer and/or exhibit as confidential. Where such a designation is made, the original and each copy of the designated portions of the deposition transcript, including any exhibits, shall be separately bound and the transcript of the portion designated as confidential shall bear the marking "CONFIDENTIAL."

d) No Party or non-party will blanket stamp his/her/its/their production "CONFIDENTIAL" and will instead only mark "CONFIDENTIAL" material that is believed to meet the above criteria. Due to the protection provided in this Order, the Parties have no need to redact any confidential information from any document in discovery other than to protect a privilege such as the attorney client privilege or work product privilege. Of course, the parties should still follow the redaction rules of Georgia and federal law when filing documentation with the Court.

4. At any time, a Party may contest the assertion that any material previously marked as "CONFIDENTIAL" qualifies as meeting one of the above criteria. Pursuant to this Order, the contesting party shall notify in writing counsel

for the Designating Party and identify the material that is contested. Upon such written notification, counsel for the Designating Party and the contesting party shall meet and confer in good faith to resolve the dispute as required by the Court's Standing Order. If counsel for the Designating Party and the contesting party are unable to resolve the dispute, the Designating Party shall begin the Court's discovery dispute process outlined in the Court's Standing Order and shall file the Consolidated/Joint Discovery Statement described in the Standing Order within fifteen (15) days of notification that the dispute cannot be resolved without Court intervention. (*Id.*). So long as the Designating Party files the Consolidated/Joint Discovery Statement within fifteen (15) days of notification that the dispute cannot be resolved without Court intervention, the confidentiality of the contested material shall be maintained in accordance with this Order until and unless the Court rules that the contested material is not entitled to such protection. If the Designating Party does not file the Consolidated/Joint Discovery Statement in accordance with this Court's Standing Order within fifteen (15) days of notification that the dispute cannot be resolved without Court intervention, the previously protected material shall no longer be protected and shall no longer be subject to this Confidentiality Order.

5.  A Party's attorney may distribute materials protected by this Order with the following categories of persons:

a) the Parties in this case and their employees;

b) the Parties' attorneys and members of the legal or support staff of the Parties' attorneys including non-employee support staff such as internet technology "IT" persons, investigators, and other similar support staff;

c) the Parties' attorneys off-site back up servers;

d) expert consultants and expert witnesses retained by a Party's attorney to assist in the evaluation, preparation, or testimony in the case;

e) the Court, the Court's personnel, witnesses, and the jury as is required at depositions, hearings and trials;

f) Court reporters and other official personnel reasonably required for the preparation of transcripts of testimony or hearings in the case;

g) representative(s) of a Party's insurer(s);

h) a non-party witness in preparation for a deposition;

i) government regulatory agencies; and

j) other attorneys pursuing personal claims against any Defendant BUT only after presentation of a stamp filed copy of a Protective Order that is entered in the case for which the materials are being requested, and even then, the materials will be produced pursuant to the stamp filed copy of the Protective Order in that other case. Furthermore,

any such attorney seeking documents under this subsection (subsection j) must sign "Exhibit A."

(hereinafter referred to as "allowed persons").

6. It shall be the responsibility of each Party to this Order to advise the allowed persons to whom confidential materials are made available of the terms of this Order.

7. Allowed persons to whom access to materials or information marked and/or deemed confidential pursuant to this Order is given shall keep such materials or information secure in accordance with the purposes and intent of this Order. The Parties' attorneys shall make reasonable efforts to ensure that any copies of materials marked "CONFIDENTIAL" that are provided to expert witnesses, expert consultants, and non-party witnesses are returned by the expert and/or witness to the attorneys at the conclusion of the case.

8. If a Party wishes to use any materials or information marked and/or deemed confidential pursuant to this Order, or any papers containing or revealing the nature or the content of such materials or information marked and/or deemed confidential pursuant to this Order, in any pleading or document filed with the Court in this case, the Party shall file a request seeking leave to file such materials or information under seal.

9. Nothing in this Order shall:

   a) limit any Party in the introduction of evidence subject to the Designating Party's right to seek further protection from the Court or otherwise object to the admissibility of any evidence;

   b) preclude a Party or non-party from seeking additional protection; or

   c) apply to the disclosure of protected material at trial as the closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. Such issues may be taken up as a separate matter upon motion.

**IT IS SO ORDERED** this 5th day of February, 2026

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

Cc: All parties in interest via CM/ECF

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.H.,<br><br>    Plaintiff<br><br>vs.<br><br>LINCOLN BANCORP, LLC,<br><br>    Defendants | CIVIL ACTION FILE NO.<br><br>1:25-cv-04310-AT |

**ACKNOWLEDGMENT & NON-PARTY AVAILMENT
TO PROTECTIVE ORDER**

I, _____, acknowledge receipt of a copy of the Protective Order, dated _____ (the "Order"), and I agree that I will be bound by its terms and provisions; and that I will not reveal the contents of any materials I obtain in connection with this litigation to anyone except the allowed persons. I agree that, if I receive any document marked "CONFIDENTIAL" or otherwise designated as confidential within the terms of the Order, I will not distribute that information except to allowed persons and only then as is necessary.

Page 1 of 2

10

I hereby consent to the personal jurisdiction of this Court regarding any matter related to or arising out of this Order, and I acknowledge that I have read the Order.

SIGNED this _____ day of _____.

_____
Recipient of Documents
Name:_____
Title:_____