**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| T.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| LINCOLN BANCORP, LLC, | ) | 1:25-cv-04310-AT |
| | ) | |
| Defendant. | ) | |
| | / | |

**DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Lincoln Bancorp, LLC ("Defendant"), by and through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 16(b)(4), Local Rule 26.2(B), and Court's Standing Order, for a ninety (90) day extension of the discovery period and related case deadlines.  In support of this Motion, Defendant states as follows:

**I.**

**BACKGROUND**

1.      Plaintiff filed her Complaint in this matter on August 1, 2025.  [Doc. 1]

2.      On November 4, 2025, this Court entered its Scheduling Order [Doc. 23], granting the parties' request for an eight-month discovery period.  Discovery is

1

set to close on July 3, 2026, the Rule 16.3 conference deadline is July 17, 2026, and summary judgment motions are due August 3, 2026.

3.    On February 18, 2026, Defendant propounded Interrogatory No. 12 on Plaintiff T.H. ("Plaintiff"), requesting identification of any expert witnesses Plaintiff intended to call at trial and the substance of their opinions.  *See **Exhibit "A"***, Certificate of Service.  In Plaintiff's original interrogatory responses, served on March 17, 2026, Plaintiff stated she had "not determined whether she will call any specially retained experts at trial" and would disclose her experts "at the appropriate time."  *See **Exhibit "B"***, Plaintiff's Initial Interrogatory Responses.

4.    On June 26, 2026 — seven (7) days before the close of discovery — Plaintiff served Supplemental Objections and Responses to Defendant's Interrogatories, wherein Plaintiff disclosed that she "currently anticipates calling Anique S. Whitmore, MA, LPC, to testify at trial."  *See **Exhibit "C"***, Plaintiff's supplemental Interrogatory responses.  Plaintiff also produced numerous documents, including Ms. Witmore's report, which is attached at ***Exhibit "D"***.

5.    Ms. Whitmore is identified as a Clinical Psychotherapist, and, based on her report, she intends to offer opinions on a range of topics, ranging from general opinions related to trafficking (*i.e.* "What is sex trafficking?", "What characteristics make a person vulnerable to sex trafficking?", "What techniques do sex traffickers use …?") to specific opinions related to Plaintiff.  *See generally, **Ex. "D"***.

2

6.     Ms. Whitmore's disclosure, seven days prior to the expiration of the discovery period, leaves Defendant with insufficient time to review the expert's file and opinions, depose Ms. Whitmore, or to identify and retain a rebuttal expert (if necessary) within the discovery period.

## II.

## ARGUMENT

### A.     *Good Cause Exists Under Rule 16(b)(4).*

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) (*citing* 6A Charles Alan Wright et al., Federal Practice and Procedure 1522.1 (2d ed. 1990)).  Good cause exists here.  Defendant cannot comply with the Scheduling Order and complete discovery by July 3rd.  In addition, Defendant acted diligently in propounding discovery, including Interrogatory No. 12, which sought identification of Plaintiff's expert witnesses, and Defendant has moved promptly in conferring with Plaintiff's counsel and filing the current Motion since Plaintiff's disclosure on June 26th.

3

**B.    *Compliance with the Court's Standing Order, Section III.***

The Court's Standing Order provides that motions for extension will not be granted as a matter of course and requires that the movant explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and set forth a timetable for the completion of the tasks for which the extension is sought.

Plaintiff's expert disclosure at the end of the discovery period qualifies as an unforeseen circumstance. And, Defendant proposes the following schedule for the tasks necessitating the extension:

- Within 30 days (by approximately August 1, 2026): Complete the deposition of Anique S. Whitmore, MA, LPC.[1]

- Within 60 days (by approximately September 1, 2026): Identify and retain a rebuttal expert, if warranted; serve rebuttal expert disclosure.

- Within 90 days (by approximately October 1, 2026): Complete any rebuttal expert deposition.

**C.    *Compliance with Standing Order Section III and Local Rule 26.2(B).***

Pursuant to Local Rule 26.2(B), and Section III of the Court's Standing Order, Defendant states:

(1)    The original and current discovery deadline is July 3, 2026, as established by the Court's Scheduling Order [Doc. 23].

---

[1] Defendants note that Plaintiff's counsel has agreed to produce Ms. Whitmore for deposition, but that deposition has yet to be scheduled. The parties have further agreed that, if Defendants retain rebuttal experts after Ms. Whitmore is deposed, Defendants' experts will be produced for deposition.

(2)    This is Defendant's first request to extend the discovery period. No prior requests for extension have been made.

(3)    Not applicable. No prior requests for extensions have been filed, granted, or denied.

(4)    Pursuant to the duty to confer, undersigned counsel conferred with Plaintiff's counsel on July 1, 2026. Plaintiff does not consent to this Motion. Plaintiff's counsel's reason for opposing the extension is that the parties can and have agreed to conduct expert depositions outside of discovery. *See* footnote 1.

Defendant would note, however, that moving forward with depositions without amending the current scheduling order will impact the parties' ability to conduct follow up discovery and/or file dispositive or ***Daubert*** motions by the current deadlines. And, per the Court's Standing Order, private agreements to conduct discovery outside of the Court's deadlines will not be enforced by the Court.

### D.    *Timeliness and Procedural Compliance.*

This Motion is timely filed before the expiration of the discovery period on July 3, 2026, as required by Local Rule 26.2(B) and the Court's Standing Order.

## III.

## <u>CONCLUSION</u>

Wherefore, Defendant respectfully requests that the Court extend the discovery period by ninety (90) days, from July 3, 2026 to October 1, 2026, and correspondingly extend the following dependent deadlines:

- Rule 16.3 Conference Deadline: from July 17, 2026 to on or about October 15, 2026;

- Summary Judgment Motion Deadline: from August 3, 2026 to on or about November 2, 2026.

The proposed extensions of the dependent deadlines are submitted subject to the Court's preference and scheduling needs.

Respectfully submitted, this 2nd day of July, 2026.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

6

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| T.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| LINCOLN BANCORP, LLC, | ) | 1:25-cv-04310-AT |
| | ) | |
| Defendant. | ) | |
| | / | |

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that I have read the Court's Standing Order in Cases Proceeding Before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

**WEINBERG, WHEELER,**
**HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com
*Counsel for Defendant Lincoln Bancorp, LLC*

7

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christoper T. Byrd

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 2, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854