UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

T.H.,

    Plaintiff,

v.

LINCOLN BANCORP, LLC,

    Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-04310-AT

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD AND BRIEF IN SUPPORT**

**INTRODUCTION**

Defendant's request for a 90-day extension is not the product of an unexpected development—it is the predictable consequence of Defendant's own wait-and-see litigation strategy. For eight months, Plaintiff drove all the discovery activity in this case. Within days of the Court's Scheduling Order and prior to Defendant's request, Plaintiff served initial disclosures and produced more than 10,000 pages of documents—including the declarations of witnesses Santana Phillips and T.E. Within two months, Plaintiff served written discovery requests on Defendant. And by the end of February, Plaintiff had initiated the scheduling of every deposition in the case, including her own. The resulting deposition schedule was dictated in large part by Defendant's availability.

Defendant did the opposite and repeatedly postponed discovery that could—and should—have been completed months earlier. Defendant *never* served Rule 26 initial disclosures, admitted more than three months into discovery that it had "been in a holding pattern" because it expected the case to settle, waited more than three months after the entry of the Scheduling Order to serve written discovery, delayed the completion of party depositions because its earliest availability was not until nearly five months into discovery, waited until the final weeks of discovery to request depositions of witnesses whose identities and statements had been disclosed at the outset of the case, and informed Plaintiff—before her expert report was even served—that it could not depose her expert until weeks after the discovery deadline had passed.

Against that backdrop, Defendant cannot plausibly attribute its scheduling difficulties to Plaintiff's June 26, 2026 expert disclosure. Nevertheless, on the eve of the discovery deadline (and weeks after learning about Ms. Whitmore), Defendant asks the Court to extend discovery—and every remaining case deadline—by 90 days. That request seeks relief from the predictable result of Defendant's own actions, and Rule 16 does not permit a party to obtain relief from scheduling pressures created by its own lack of diligence.

Moreover, no extension is necessary. The parties have already agreed that Ms. Whitmore, any rebuttal expert, and the three fact witnesses Defendant asked to de-

pose months after their disclosure, will all be produced for depositions after the close of discovery. That resolves every logistical concern Defendant has identified. And although Defendant also refers generally to the possibility of follow-up discovery, it identifies no specific discovery that remains to be taken, nor does it explain why such discovery would be necessary or why it could not be completed promptly.[1] Defendant's request is untethered to the discovery tasks that Defendant has identified and is unsupported by any diligence on Defendant's part. The motion should be denied.

### PROCEDURAL BACKGROUND

This case is one of four related lawsuits pending against Defendant Lincoln Bancorp: *T.H. v. Lincoln Bancorp, LLC* (Civil Action No. 1:25-cv-04310-AT), *J.R. v. Lincoln Bancorp, LLC* (Civil Action No. 1:25-cv-4629-JPB), *N.N. v. Lincoln Bancorp, LLC* (Civil Action No. 1:25-cv-4313-MHC), and *D.B. v. Lincoln Bancorp, LLC d/b/a Super 8 by Wyndham and Lincoln Property Management, LLC* (Civil Action No. 1:25-cv-05391-AT).[2] Each plaintiff asserts claims in her own case and also

---

[1] Plaintiff opposes any effort by Defendant to conduct additional "follow-up discovery" concerning witnesses or facts that have been known to Defendant—or that Defendant could have explored through diligent discovery—for months. *See, e.g.,* Ex. 1 at 2– 3 (". . . And I have been and will continue to, conduct non-party discovery via document requests. So, I don't want to limit myself to JUST deposing Whitmore and maybe getting rebuttal experts . . .")

[2] The undersigned represents Plaintiffs T.H., N.N., and J.R.

serves as a fact witness in the other three. Accordingly, the parties coordinated discovery and deposition scheduling across all four cases to avoid duplicative discovery and accommodate the differing case schedules. Ex. 2.

Those related cases proceeded under different Scheduling Orders. J.R.'s case was placed on a six-month discovery track, and discovery there has already closed. *See J.R. v. Lincoln Bancorp, LLC,* No. 1:25-cv-4629-JPB, ECF No. 17 (N.D. Ga.). Because Defendant did not move for summary judgment in that case, the parties are now preparing for trial. *Id*. at ECF No. 43. Discovery in this case closed on July 3, 2026. [Doc. 23]. Discovery in N.N.'s case closes on July 9, 2026. *N.N. v. Lincoln Bancorp, LLC*, No. 1:25-cv-4313-MHC, ECF No. 18 (N.D. Ga.).

## STATEMENT OF FACTS

Defendant's Motion leaves out most of the story. The full chronology is set forth below.

(1)    On August 1, 2025, Plaintiff filed her Complaint in this matter. [Doc. 1]

(2)    On November 6, 2025, this Court entered its Scheduling Order, granting the parties' request for an eight-month discovery period and ordering that Discovery was to close on July 3, 2026, and summary judgment motions were due by August 3, 2026. [Doc. 23]

(3)    On November 10, 2025, Plaintiff served her initial disclosures on Defendant, including a witness list and a document production of over 1,500 pages, in-

cluding the names and declarations of Santana Phillips and T.E.[3] [Doc. No. 51]

(4)    On November 11, 2025, Plaintiff made available for inspection and duplication almost 9,000 more pages or files related to the prosecution of Plaintiff's trafficker. Ex. 3 at 1–3.

(5)    On January 9, 2026, Plaintiff served written discovery on Defendant. [Doc. 25]

(6)    On February 5, 2026, Defendant admitted to "being in a holding pattern" on these cases in hopes that they would settle and asked that Plaintiff agree to only one deposition of a party or witness in all related cases. Plaintiff agreed. Ex. 2.

(7)    On February 6, 2026, Defendant served its responses to Plaintiff's written discovery. [Doc. 28]

(8)    On February 18, 2026, Defendant served written discovery on Plaintiff. [Doc. 30]

(9)    On and around February 20, 2026, *Plaintiff* reached out to *Defendant* to schedule the depositions of Defendant, witness Louis Vu, J.R., N.N., and T.H. Working around *Defendant's* schedule, *Plaintiff and Defendant* agreed to take

---

[3] To Plaintiff's knowledge, Defendant never served initial disclosures in this case.

the deposition of T.H. on May 14, 2026. Ex. 4 at 3; Ex. 5 at 1–7; *see also* [Doc. 39].

(10)   On March 17, 2026, Plaintiff served her responses to Defendant's written discovery, including the name and declaration of Winkeisha Vanterpool. [Doc. 31]

(11)   On April 1, 2026, Plaintiff took the deposition of Defendant and witness Louis Vu. [Doc. 32, 33]

(12)   On April 2, 2026, Defendant took the deposition of J.R. *J.R. v. Lincoln Bancorp, LLC,* No. 1:25-cv-4629-JPB, ECF No. 29 (N.D. Ga.).

(13)   On April 30, 2026, Defendant took the deposition of N.N. *N.N. v. Lincoln Bancorp, LLC*, No. 1:25-cv-4313-MHC, ECF No. 32 (N.D. Ga.).

(14)   On May 14, 2026, Defendant took the deposition of T.H. [Doc. 37, 39]

(15)   On May 22, 2026, once the plaintiff depositions had occurred, Plaintiff retained Anique Whitmore as an expert in this case. Ex. 6.

(16)   By no later than June 16, 2026, Plaintiff's attorney informed defense counsel in a phone call of Plaintiff's intention to use Anique Whitmore as an expert in this case.

(17)   On June 16, 2026, Defendant requested to depose Santana Phillips, T.E., and Winkeisha Vanterpool. Plaintiff agreed to make them available for deposition

and asked Defendant to propose dates. No such dates were offered. Ex. 1 at 8–9.

(18) On June 22, 2026, Plaintiff reached out to Defendant making Santana Phillips available for deposition on July 1, 2026. Defendant was unavailable, and made clear it was also unavailable July 6−10 and July 20−21. Ex. 7. at 1–2.

(19) On that same date, Defendant informed Plaintiff that its earliest availability to depose Ms. Whitmore was the second half of July. Ex. 1. at 8.

(20)  On June 23, 2026, Plaintiff told Defendant she would agree to take Santana Phillips, T.E., and Winkeisha Vanterpool's depositions after close of discovery but would not agree to extend discovery or any other deadline. Ex. 7 at 1–2.

(21) On June 26, 2026, Plaintiff formally disclosed Anique Whitmore and produced her report in this case. [Doc. 47]

(22) On July 2, 2026, Defendant filed its Motion to Extend the Discovery Period and Incorporated Memorandum of Law. [Doc. 49]

(23) On July 3, 2026, discovery in this case ended. [Doc. 23]

## ARGUMENT

**I.   Defendant cannot demonstrate good cause because any time constraint is the result of its own lack of diligence.**

Federal Rule of Civil Procedure 16(b)(4) provides in plain terms that a schedule may be modified "only for good cause and with the judge's consent." "This good

7

cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's notes). That standard is demanding, and the inquiry centers on whether the movant itself acted diligently in trying to satisfy the deadline at issue. *Corcho v. Bank of Am., N.A.*, No. 6:25-cv-1082, 2026 WL 823932, at *3 n.1 (M.D. Fla. Mar. 6, 2026). "'If [a] party was not diligent, the [good cause] inquiry should end.'" *Esys Latin America, Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (alteration in original); *see also MidAmerica C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312, 1335 (11th Cir. 2022); *Rashada v. Hathcock*, 819 F. Supp. 3d 1282, 1285−86 (N.D. Fla. 2025).

Defendant cannot satisfy that standard. On February 5, 2026—months before it now claims to have been surprised—Defendant admitted to "being in a holding pattern" on this case. That is not the record of a diligent litigant; it is a contemporaneous admission of the opposite. Defendant's lack of diligence is evident throughout the discovery period: Defendant never served Rule 26 initial disclosures, waited more than three months after the entry of the Scheduling Order to serve written discovery, delayed the completion of party depositions because its earliest availability was not until nearly five months into discovery, and waited until the final weeks of discovery to request depositions of witnesses whose identities and statements had

been disclosed at the outset of the case. Each of these was a strategic litigation decision within Defendant's control.

Defendant likewise cannot attribute its inability to complete expert discovery solely to Plaintiff's disclosure. Plaintiff informed Defendant no later than June 16 that Ms. Whitmore would be used as an expert witness in this case. Before Plaintiff served her report, Defendant advised that it was unavailable to depose Ms. Whitmore until the second half of July. Having already represented that it could not conduct the deposition before the July 3 discovery deadline, Defendant cannot contend that the timing of Plaintiff's expert disclosure was the sole cause of its scheduling problem.

Nor did Defendant treat the timing as a problem until it served Defendant's own purpose. Defendant never asked to expedite Plaintiff's deposition, never asked to expedite Ms. Whitmore's deposition, and never raised any scheduling concern with Plaintiff or the Court until the day it filed this Motion—the day before discovery closed, and more than two weeks after Plaintiff informally disclosed her intent to designate Ms. Whitmore.

Rule 16 does not permit a party to obtain relief from scheduling problems of its own making. Defendant asks the Court to extend not only discovery, but also the Rule 16.3 conference deadline and the dispositive-motion deadline by 90 days. Yet Defendant never explains why those deadlines cannot be met despite its diligence.

Indeed, if the parties were to follow the timetable contemplated by Rule 26(a)(2)(D)(ii), Defendant's rebuttal expert disclosure would be due before the Court's dispositive-motion deadline.[4]

Defendant has therefore failed to demonstrate that the existing Scheduling Order "could not be met despite [its] diligence." *Sosa*, 133 F.3d at 1418. The time constraints Defendant now identifies are the product of its own strategic decisions and delays throughout discovery. Because Defendant cannot establish diligence, it cannot establish good cause, and its motion should be denied.

## II.    Defendant's asserted need for additional discovery has already been resolved without extending any scheduling deadlines.

Even setting diligence aside, the parties' own agreements demonstrate that an extension of the full case schedule is unnecessary. Defendant acknowledges that Plaintiff has already agreed to produce Ms. Whitmore for deposition after the close of discovery, and that any rebuttal expert Defendant retains following that deposition will be produced for deposition. [Doc. 49 at 4 n.1]. Plaintiff has separately agreed to produce Santana Phillips, T.E., and Winkeisha Vanterpool after the close of discovery as well. These agreements give Defendant everything it says it needs: an oppor-

---

[4] When the parties conferred, Plaintiff asked Defendant to explain why it required an additional 60 days beyond the 30-day rebuttal period already contemplated by Rule 26(a)(2)(D)(ii). Defendant offered no explanation. Ex. 1 at 1–2.

tunity to review Ms. Whitmore's file, depose her and the three fact witnesses, and retain a rebuttal expert. Nothing further is required of this Court.

Defendant suggests that the Court's Standing Order will not enforce private agreements to conduct discovery outside the Court's deadlines. But that concern is not a reason to reopen the discovery period and delay the Rule 16.3 conference deadline and the summary judgment deadline. To the extent the Court prefers that the parties' agreements be reflected in the record rather than left informal, Plaintiff believes the Court can accomplish that narrow purpose without disturbing the remaining case deadline—for example, by permitting the specific, already-agreed depositions to proceed outside of the discovery period.

If the Court is inclined to grant any extension at all, Plaintiff respectfully requests that only the five identified depositions be allowed to occur and that the summary judgment deadline be extended 30 days so that those depositions may be incorporated in any motion. No other extensions are necessary.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request for a 90-day extension of the discovery period and all remaining case deadlines. To the extent the Court finds that any extension is warranted, Plaintiff respectfully requests the five identified depositions be allowed to occur outside the discovery period and the summary judgment deadline be extended for 30 days.

Respectfully submitted on July 10, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile