**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| T.H., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| LINCOLN BANCORP, LLC, | ) | 1:25-cv-04310-AT |
| | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO EXTEND THE DISCOVERY PERIOD</u>**

Defendant's Motion to Extend Discovery ("Motion") is based on a simple premise – Plaintiff's expert, Anique Whitmore, was disclosed on June 26, 2026, and Defendant did not have enough time remaining in discovery to depose Ms. Whitmore and procure/disclose a rebuttal expert prior to the close of discovery on July 3, 2026. Defendant does NOT accuse the Plaintiff of sandbagging, sabotage or any intentional delay. Defendant simply recognized that additional time would be needed and it sought what it believed to be a rather routine extension. Plaintiff's Opposition, highlighted by accusations of delay and lack of diligence,

needlessly elevates the tenor of the current dispute[1], but, more importantly, it misses the point of Defendant's Motion.

As pointed out in Plaintiff's Opposition, the Parties have agreed to conduct discovery outside the discovery period.  Specifically, the Parties have agreed (1) to take the deposition of Ms. Whitmore, (2) to take the depositions of three fact witnesses who provided Plaintiff with affidavits, and (3) to allow the late disclosure and deposition of Defendant's rebuttal expert.  All of this is great, and it does address the possible prejudice which would otherwise exist by virtue of Plaintiff's disclosure of Ms. Whitmore with only one week remaining in the eight-month discovery period.  Defendant, however, nevertheless believed this Motion was necessary for three reasons.

First, the lawyers' agreements notwithstanding, any late disclosure of a rebuttal expert would technically be untimely.  Under Fed. R. Civ. Pro. 26(a)(2)(D) expert disclosures are to be made pursuant to the scheduling order, when there is one, and, when there's not a scheduling order, rebuttal experts are to be disclosed within 30 days of the disclosure of the other party's expert.  Since there *is* a scheduling order in this case, Defendant's late disclosure of a rebuttal expert, absent the Court's blessing, would violate the Rule.  Moreover, as noted in

---

[1] Plaintiff's account of delays during the first seven months of discovery do not seem particularly compelling or relevant to the issue before the Court. Nevertheless, the undersigned would note that they replaced Defendant's prior counsel just over a month ago.

Defendant's Motion, per Your Honor's Standing Order, private agreements to conduct discovery outside the Court's deadlines will not be enforced by the Court. Thus, while the Defendant appreciates Plaintiff's willingness to proactively address these issues, the Defendant thought it prudent to have counsel's agreements incorporated into a revised scheduling order so that non-compliance therewith will not be an issue.

Second, Defendant recognizes that there may be follow up discovery it would like to conduct stemming from Ms. Whitmore's testimony. Plaintiff points out that Defendant has not identified any specific discovery necessitated by Ms. Whitmore's disclosure, and she is correct about that. However, Ms. Whitmore has not been deposed, and, given the scope of her report, Defendant would like the option to follow up should the need arise.[2] In addition to that, it is quite likely that

---

[2] Ms. Whitmore is a psychotherapist. In her report, she states that her assignment was to examine the vulnerabilities, methods of exploitation, inability to escape, impacts and environment of Plaintiff's trafficking were consistent with those common in sex trafficking situations. *See* Doc. 49-4, ***Whitmore Report***, p. 4. Over half of her report is general in nature – Ms. Whitmore defines and describes trafficking, what makes people vulnerable to trafficking, methods employed by traffickers, why victims might not escape traffickers, and the psychological consequences of trafficking on trafficking victims – none of which relates to or even references Plaintiff or this case specifically. *Id.*, pp. 4-13. The second half of Ms. Whitmore's report is based upon her "clinical interview" of Plaintiff, which Ms. Whitmore conducted, via ZOOM, on June 5, 2026. *Id.*, pp. 14-15.[2] Over the next several pages, Ms. Whitmore relies almost exclusively upon the account provided by Plaintiff during this clinical assessment to opine on Plaintiff's vulnerabilities, the methods of exploitation used by Plaintiff's traffickers,

any rebuttal expert retained by Defendant will want to interview Plaintiff, as Ms. Whitmore did. Thus far, the Plaintiff has not agreed to permit such an interview and, since discovery is closed, Defendant would be unable to compel access to the Plaintiff should she refuse to make herself available.[3]

Third, the current scheduling order includes a dispositive motion deadline of August 3, 2026. The testimony of Ms. Whitmore, as well as that of the other witnesses the Parties have agreed to take outside of discovery, may very well factor into any dispositive motion. Thus, without an amended scheduling order addressing the dispositive motion deadline, it is quite possible (even likely) that the agreed upon discovery will not be completed in time to be used in any Motion for Summary Judgment.

While the Defendant believes that the best option to address all of its concerns is a simple 90-day extension, it is amenable to other options as well. For example, Plaintiff suggests limiting the discovery extension so that only the five identified depositions be allowed to occur, and Defendant agrees that would be reasonable, as long as the dispositive motion deadline is extended so that the

---

Plaintiff's inability to escape, and the impact of the trafficking upon Plaintiff. *Id.*, pp. 16-23.

[3] The undersigned represents that this topic was discussed with Plaintiff's counsel. Plaintiff's counsel neither accepted nor rejected the idea of Plaintiff being interviewed/examined by a rebuttal expert. The attorneys have agreed to circle back on that issue.

depositions can be completed before such motions are due.  Given that those depositions have yet to be scheduled, Defendant would suggest that extending the dispositive motion deadline by only 30 days would likely be insufficient.

Respectfully submitted, this 15th day of July, 2026.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| T.H.,<br><br>    Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE NO.<br>)   1:25-cv-04310-AT<br>)<br>)<br>) |

## CERTIFICATE OF COMPLIANCE

I hereby certify that I have read the Court's Standing Order in Cases Proceeding Before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

        **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

        */s/ Christopher T. Byrd*
        Christopher T. Byrd
        GA Bar No. 100854
        Shubhra R. Mashelkar
        GA Bar No. 475388
        3344 Peachtree Road, N.E.
        Suite 2400
        Atlanta, Georgia 30326
        (404) 876-2700
        cbyrd@wwhgd.com
        smashelkar@wwhgd.com
        *Counsel for Defendant Lincoln Bancorp, LLC*

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christoper T. Byrd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854